# United States Court of Appeals
FOR THE EIGHTH CIRCUIT

No. 04-2687

United States of America, *
*
Plaintiff-Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Jay Michael Puig, *
* [PUBLISHED]
Defendant. *
*
———————— * CR 01-367 (2) DWF/AJB
*
Michael Hance, *
*
Claimant-Appellant. *

Submitted: December 15, 2004
Filed: August 9, 2005 (Corrected 8/15/05)

Before BYE, HANSEN, and GRUENDER, Circuit Judges.

HANSEN, Circuit Judge.

SCANNED
OCT 24 2005
U.S. DISTRICT COURT ST. PAUL

Following the district court's[1] entry of a Final Order of Forfeiture in the criminal prosecution of Jay Michael Puig, which included the forfeiture of a motorcycle and motorcycle parts now claimed to be owned by the appellant in this case, Michael Hance, Mr. Hance filed a third-party petition seeking adjudication of his asserted claim to the forfeited property. The district court dismissed the third-party petition as untimely. Rather than appeal that order, Hance filed a Federal Rule of Civil Procedure 60(b) motion seeking to reopen the Final Order of Forfeiture. The district court denied the motion, and Hance appeals that denial. We affirm.

I.

Puig and others were indicted for conspiracy to defraud the government related to a motorcycle "chop shop" run by Puig. The indictment included a forfeiture charge related to property involved in the chop shop. Puig pleaded guilty to the charged offenses and agreed to forfeit all motorcycles, parts, tools, and equipment that were seized during the investigation. The government agreed to return any items that Puig could show were not the instrumentalities or proceeds of criminal activity.

A Preliminary Order of Forfeiture was entered in Puig's case on December 30, 2002, forfeiting all of Puig's interest in property listed on Attachment A of the Order, including the motorcycle and motorcycle parts now claimed to be legally owned by Hance, who owned a legitimate motorcycle business in St. Louis. Puig's counsel at the time, Patrick Dinneen, was served with the preliminary order. Pursuant to 21 U.S.C. § 853(n) (2000), the United States published a Notice of Forfeiture in three issues of *Finance and Commerce* on January 17, 24, and 31, 2003, delineating the property to be forfeited and prescribing the process by which a third party could claim

---

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

an interest in the listed property. No claims were filed with the court within 30 days of the last publication.

On March 6, 2003, the United States sent Mr. Dinneen a proposed Amended Preliminary Order of Forfeiture, reflecting changes to the list of forfeited property pursuant to discussions between the United States and Mr. Dinneen, but still listing the motorcycle and motorcycle parts now claimed by Hance. The Final Order of Forfeiture was filed on March 31, 2003, and was served on Mr. Dinneen as counsel for Puig.

Hance first attempted to contest forfeiture of the claimed property by letters to the United States dated March 12, 2003, and April 4, 2003, from his counsel, Mr. Dinneen.[2] The United States responded in a letter dated May 13, 2003, that it believed the property belonged to Puig, and was therefore properly forfeited. Hance filed his third-party petition asserting an interest in the motorcycle and motorcycle parts on July 7, 2003, which the district court dismissed as untimely. Hance then

---

[2]The parties dispute when Mr. Dinneen began representing Hance, and therefore what information known by Mr. Dinneen can be imputed to Hance as his client. With no evidence in the record as to the date Mr. Dinneen began his representation, we conclude that Hance can be imputed with knowledge held by Mr. Dinneen at least by March 12, 2003, when he corresponded with the government on Hance's behalf. (See Hance's Rule 60(b) Motion filed by Mr. Dinneen, Appellant's Add. at 12 ("That fact [that the government had in its possession documents giving notice of Hance's asserted interest] is compounded by Mr. Hance's counsel's communications with the government asserting the Hance interest prior to submission of the proposed final order, and in particular the March 12, 2003 letter attached hereto.") (emphasis added).) In any event, Hance asserted in his Rule 60(b) motion that he first became aware of the published notice of forfeiture upon his counsel's receipt of the final order of forfeiture dated March 30, 2003. (Id. at 13.) Either date results in the same conclusion, as discussed infra.

filed a motion under Rule 60(b), seeking to reopen the Final Order of Forfeiture. The district court denied the motion without discussion, and Hance appeals.

II.

Hance appeals from the district court's denial of his Rule 60(b) motion to reopen the Final Order of Forfeiture. We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. Hunter v. Underwood, 362 F.3d 468, 474 (8th Cir. 2004). The United States does not dispute the use of Rule 60(b) to collaterally attack the criminal forfeiture order, and we proceed to review the district court's disposition of the Rule 60(b) motion. See United States v. Estevez, 845 F.2d 1409, 1411 (7th Cir. 1988) ("[T]he government agrees that the provisions of Rule 60(b) of the Federal Rules of Civil Procedure are available to a third-party claimant seeking to vacate the final judgment of forfeiture."); Fed. R. Crim. P. 32.2(c) advisory committee notes (noting that a third-party claimant may file a Rule 60(b) motion to reopen the ancillary proceeding allowed by 21 U.S.C. § 853(n)).

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding" for a variety of reasons, one of them being excusable neglect. Fed. R. Civ. P. 60(b)(1). "Excusable neglect means good faith and some reasonable basis for noncompliance with the rules." Ivy v. Kimbrough, 115 F.3d 550, 552 (8th Cir. 1997) (internal mark omitted) (affirming denial of Rule 60(b) motion where attorney failed to respond to summary judgment motion, noting that "an attorney's ignorance or carelessness does not constitute 'excusable neglect'"). Hance argues that his failure to file a timely petition for an ancillary proceeding to adjudicate his right to the forfeited property should be excused because the United States failed to provide him with adequate notice of its intent to forfeit the property, and therefore he was unaware of the need to file a petition, and because he relied on the government's representations that it would return the property once he provided ownership documentation.

Section 853 of Title 21 of the United States Code governs the criminal forfeiture of property involved in criminal offenses. A criminal judgment of conviction that includes a forfeiture count conclusively determines the property rights as between the government and the criminal defendant, but the government does not receive clear title to the forfeited property as against the rest of the world until the government complies with the requirements of § 853(n). Following entry of a forfeiture order, § 853(n)(1) requires the government to publish notice of the order and of its intent to dispose of the property as prescribed by the Attorney General. The government may also, but is not required to, provide direct written notice to any person known to have alleged an interest in the property. Id. Third parties claiming an interest in the property then have 30 days to file a petition with the district court for a hearing to adjudicate the claimed interest. § 853(n)(2). If no third parties file a petition within the 30 days provided in paragraph (2), "the United States shall have clear title to property that is the subject of the order of forfeiture." § 853(n)(7). A § 853(n) ancillary proceeding is the only avenue by which a third-party claimant may seek to assert an interest in property that has been included in an indictment alleging that the property is subject to forfeiture. § 853(k) (providing a bar against intervening in a criminal case or commencing either a legal or equitable action against the United States, except as allowed in subsection (n)).

Hance argues that the government's published notice of its intent to forfeit and dispose of the property at issue was inadequate as to him because the government should have been aware of his claimed interest based on information in the criminal file, and therefore the government had a duty to personally notify him of the forfeiture proceedings as a "person known to have alleged an interest in the property." He relies on the district court case of United States v. Bouler, 927 F. Supp. 911, 914-15 (W.D.N.C. 1996),[3] which held that the mandatory notice provisions contained in 19

---

[3]As noted by the court in Bouler, the provisions of 21 U.S.C. § 881 apply to § 853 criminal forfeitures "[e]xcept to the extent that they are inconsistent with the

U.S.C. § 1607(a) (2000) applied to proceedings under § 853(n). The Bouler court granted a Rule 60(b) motion challenging a criminal forfeiture order to a third-party claimant who held record title to the forfeited real estate but did not receive particularized notice of the forfeiture. Bouler, 927 F. Supp. at 917.

We need not, and do not, delve into the issues of whether § 1607's requirement of particularized notice to parties alleging an interest in forfeited property applies to § 853(n) ancillary proceedings, or whether the lack of particularized notice violates the constitutional protections of due process. Assuming without deciding that Hance was entitled to particularized notice, he received actual notice sometime before March 12, 2003, when his attorney wrote a letter to the government asserting his rights to the property. The final order was then entered on March 30, 2003, and served on his attorney, conclusively notifying Hance of the government's forfeiture of the property. Even Hance admits that he knew that the government had no intention of returning the property upon receipt of the May 13, 2003, letter, wherein the government severed its discussions with him and informed him of his right to file a petition for an ancillary proceeding. (Add. at 13.) Yet, he filed nothing with the court challenging the government's forfeiture until July 7, 2003, well over 30 days after any of the dates discussed above. See § 853(n)(2) (providing a 30-day period for bringing

---

provisions of this section [853]." 21 U.S.C. § 853(j). Section 881 further incorporates the forfeiture provisions related to violation of the customs laws, 19 U.S.C. §§ 1600 et seq., "insofar as applicable and not inconsistent with the provisions hereof." 21 U.S.C. § 881(d) (emphasis added). The difference between the mandatory nature of the notice required in § 1607(a) ("[w]ritten notice of seizure . . . shall be sent to each party who appears to have an interest in the seized article") and the discretionary nature of the notice required by § 853(n) ("[t]he Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property") may call into question the court's reasoning. We leave this dispute to another day, when the issue is critical to the resolution of a particular case.

a petition for an ancillary hearing following notice of the government's intention to forfeit property).

The Seventh Circuit allowed a claimant to use a Rule 60(b) motion to reopen a forfeiture order where the claimant established that the published notice was insufficient to give him notice that his property was subject to forfeiture because the notice was limited to the criminal defendant's interest in the property to be forfeited. See Estevez, 845 F.2d at 1410. The claimant in Estevez received actual notice by mail to his attorney on June 24 and moved to vacate the July 7 final forfeiture order on July 14. Notably, the court stated that the date of actual receipt "should be considered to commence the thirty-day period to file a claim under 21 U.S.C. § 853(n)." Id. at 1412.

Applying this rationale to Hance's situation, even if we give Hance the greatest leeway possible, the time for filing a petition started to run at the very latest upon receipt of the letter of May 13, 2003, when the government specifically told him of his right to file a petition for an ancillary proceeding.[4] Yet he did not file a petition, or any other filing in district court asserting a right to the property, until July 7, 2003, well over 30 days later. The district court did not abuse its discretion in denying Hance's Rule 60(b) motion, as his failure to timely alert the court of his claimed right to the property in these circumstances was not excusable neglect. Cf. Estevez, 845 F.2d at 1410-11 (third party filed motion to set aside the final order of forfeiture

[4]The Supreme Court recently explained that actual notice is not necessary to satisfy § 1607's mandatory notice provision, in a case not involving § 853. See Dusenbery v. United States, 534 U.S. 161, 169-70 (2002) (holding that actual receipt of notice is not necessary to satisfy § 1607 or due process; the government need only make an effort that is "'reasonably calculated' to apprise a party of the pendency of the action"). We use actual receipt of the May 13 letter in this case because it does not change the outcome of the case; Hance still waited nearly two months after that date to file anything with the district court. Further, we do not pass on the propriety of the Seventh Circuit's use of actual receipt in light of Dusenbery.

within 19 days of learning of government's intent to forfeit disputed property); Bouler, 927 F. Supp. at 912 (third party sought to intervene in the forfeiture case "as soon as he learned of the forfeiture order").

III.

The district court's judgment denying Hance's Motion to Reopen Final Forfeiture Order Pursuant to Federal Rule of Civil Procedure 60(b) is affirmed.

BYE, Circuit Judge, dissenting.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) (citations omitted). I am therefore troubled by the government's failure to send Mr. Hance notice of the forfeiture when, sixteen days before moving for entry of a final order of forfeiture, Mr. Puig's attorney informed the government Mr. Hance asserted an ownership interest in the motorcycle.

I

After entry of the preliminary order of forfeiture, the government and Mr. Puig's attorney, Mr. Dinneen, engaged in negotiations pursuant to the terms of Mr. Puig's plea agreement concerning specific items of property which Mr. Puig claimed were not part of the conspiracy and should therefore be removed from the forfeiture order. On March 6, 2003, the government sent Mr. Dinneen a proposed amended preliminary order of forfeiture, which reflected changes resulting from the discussions. In the cover letter, the government stated:

> [P]lease be advised that the Government will not return the motorcycle that you have requested. It is clear from the conversations we had with you at the U.S. Attorney's Office that Mr. Puig does not have a legitimate property interest in the motorcycle and even if he did, it was constructed and titled during the time period of the conspiracy charge he pled guilty to committing.

On March 12, 2003, sixteen days before moving for entry of a final order of forfeiture, the government received a letter and attachments from Mr. Puig's attorney informing the government the contested motorcycle belonged to Mr. Hance, not Mr. Puig. Mr. Dinneen advised: "[T]he motorcycle should be removed from the forfeiture Order to prevent any complications in Mr. Hance recovering his seized property." The first attachment to the letter was a March 6, 2003, letter written by Mr. Hance on Roadworthy Motorcycles letterhead, which included the address, phone number, and fax of Roadworthy Motorcycles. Mr. Hance's letter read:

> Re: Jay Puig/Minnesota
> Dear Sir:
> Over five years ago now my property was confiscated by the state of Minnesota. I was an innocent businessman and have requested my property be returned. Amongst what you know you have, I want to make sure that also the numerous sets of New billet aluminum triple trees all in boxes & numerous sets of New forward controls be noted and returned. . . . These all need to be returned to my business Roadworthy Motorcycles/Mikes Cycle Parts in St. Louis, Missouri 63133.

Although a final order of forfeiture had not been entered yet, and although the government knew Mr. Hance claimed an interest in the motorcycle, the government did not send Mr. Hance notice of the forfeiture order. Instead, sixteen days later, on March 28, the government filed a motion in the district court for the entry of a final order of forfeiture. In support of its motion, the government cited the notice requirements of § 853(n)(1). The government then indicated that notice of the

preliminary order of forfeiture had been published on January 17, 24, and 31, 2003; no third party had filed a petition for any of the property in the order of forfeiture; and that the time for filing had expired. The district court entered a final order of forfeiture on March 31.

## II

The notice requirement under § 853(n)(1) is not all that is required under the Constitution.[5] Due process requires the government to provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314 (citations omitted). Moreover, in order to afford interested parties "an opportunity to present their objections," the notice provided "must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance." Id. (citations omitted). Notably, the government in its motion for entry of a final order did not represent that it provided particularized notice to interested parties. Compare United States v. Hentz, No. CR.A. 90-00276-03, 1996 WL 355327, at *2 (E.D. Pa. June 20, 1996) ("After the Government published a public notice of forfeiture and represented to the Court that it had provided notice to all known interested parties, the Court entered a final order of forfeiture . . . .").

The majority holds even if the government failed to provide Mr. Hance with particularized notice, Mr. Hance received "actual notice" on March 12, March 30, and

[5]I do not believe the notice requirements of § 853(n)(1) are inconsistent with the Mullane standard. See United States v. Bouler, 927 F. Supp. 911 (W.D.N.C. 1996). However, to the extent the due process standard set out in Mullane is inconsistent with the text of § 853(n)(1), I believe it is the statute rather than Mullane which must give way.

May 13.[6] As the Supreme Court explained in Dusenbery v. United States, 534 U.S. 161, 169 n.5 (2002), "actual notice" means the same thing as "receipt of notice." Due process does not require the government to provide interested parties with "actual notice," but requires that the government "*attempt to provide* actual notice" by means reasonably calculated to inform the absent party. Id. at 169-70. Thus, the majority's focus on the date on which Mr. Hance received "actual notice" is largely irrelevant for due process purposes. Moreover, the date on which Mr. Hance received "actual notice" is only significant for purposes of determining the timeliness of his petition for an ancillary proceeding to the extent the notice he received satisfied due process standards.

First, the majority finds Mr. Hance "received actual notice sometime before March 12, 2003, when his attorney wrote a letter to the government asserting his rights to the property." In order for Mr. Hance to be imputed with knowledge held by Mr. Dinneen on March 12, Mr. Dinneen would have to be serving as counsel for Mr. Hance on that date. While stating there is "no evidence in the record as to the date Mr. Dinneen began his representation" of Mr. Hance, the majority concludes we can assume Mr. Dinneen represented Mr. Hance prior to March 12 because in Mr. Dinneen's March 12 letter to the government he stated the bike belonged to Mr. Hance, not Mr. Puig, and should be removed from the forfeiture order. I respectfully disagree. Pursuant to the plea agreement between Mr. Puig and the government, the government agreed to return property Mr. Puig could show was not a proceed of illegal activity. At oral argument, Mr. Dinneen explained that as a result of

---

[6]Similarly, on March 2, 2004, the district court granted the government's motion to dismiss Mr. Hance's petition on the grounds of untimeliness. The court noted Mr. Hance did not file his petition until July 7, 2003, although the government published its final notice of forfeiture on January 31, 2003. The court found that, in addition to published notice, "Hance's counsel was notified personally of the impending forfeiture as early as December 20, 2002, when the United States sent copies of the Motion for Preliminary Order of Forfeiture to Dinneen."

negotiations between Mr. Dinneen as counsel for Mr. Puig and the government, property was returned to various third parties. In my opinion, the evidence in the record does not demonstrate Mr. Dinneen, while serving as counsel for Mr. Puig, also served as counsel for any of the third parties to whom property was ultimately returned. In fact, the government, in its brief, appears to assert Mr. Dinneen did not represent Mr. Hance in March 2003. See Appellee's Br. at 5-6 ("The Final Order of Forfeiture with Amended Attachment A was filed on March 31, 2003. Patrick Dinneen, then counsel for Defendant Puig and now counsel for Petitioner Hance, was served with the motion for a final order of forfeiture.") (emphasis added).[7]

---

[7]I do not claim there is no support in the record for the majority's findings that Mr. Dinneen represented Mr. Hance on March 12 and March 30. Admittedly, the manner in which Mr. Hance's Rule 60(b) motion was drafted lends itself to the majority's interpretation. However, based on the record before our court, I do not believe we can conclude Mr. Dinneen represented Mr. Hance either on March 12 or March 30. There is at least a factual dispute as to whether Mr. Dinneen represented Mr. Hance on these dates. Moreover, I believe it is possible to construe the statements in Mr. Hance's Rule 60(b) motion on which the majority relies in a way that is consistent with the assertions in the government's brief. For example, in support of its finding that Mr. Dinneen represented Mr. Hance on March 12, the majority cites the following sentence in Mr. Hance's Rule 60(b) motion: "That fact is compounded by Mr. Hance's counsel's communications with the government asserting the Hance interest prior to submission of the proposed final order, and in particular the March 12, 2003 letter attached hereto." It is true Mr. Hance's counsel at the time the Rule 60(b) motion was filed was Mr. Dinneen, and it is true Mr. Dinneen informed the government in the March 12 letter that Mr. Hance asserted an interest in the motorcycle. However, I do not believe the statement necessarily establishes that Mr. Dinneen was Mr. Hance's counsel on March 12. At oral argument, Mr. Dinneen explained to the court that much of the confusion in this case arises from the fact that Mr. Dinneen has served as counsel for both Mr. Puig and Mr. Hance in these proceedings, but Mr. Dinneen did not begin his representation of Mr. Hance until after completing his representation of Mr. Puig in the criminal forfeiture proceedings. This is also consistent with the government's brief.

Even if Mr. Dinneen was representing Mr. Hance on March 12, it would not help the government. For notice to afford interested parties "an opportunity to present their objections," the notice "must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 314 (citations omitted). The government did not inform even Mr. Dinneen that it had published notice or that it planned to move for entry of a final order of forfeiture on March 28. The Eighth Circuit has held notice to be constitutionally inadequate where the notice "omitted the one piece of information most critical to affording . . . a reasonable opportunity to be heard—the deadline" for filing a timely claim. Glasgow v. United States Drug Enforcement Admin., 12 F.3d 795, 798 (8th Cir. 1993). Thus, even if Mr. Hance could be imputed with Mr. Dinneen's knowledge on March 12, the notice would still be inadequate.

Second, the majority finds Mr. Hance received notice of the forfeiture on March 30, when the final order of forfeiture was entered and served on Mr. Dinneen. According to the court, Mr. Hance admitted in his Rule 60(b) motion to receiving notice by March 30. The court reasons: "Hance asserted in his Rule 60(b) motion that he first became aware of the published notice of forfeiture upon his counsel's receipt of the final order of forfeiture dated March 30, 2003." I do not believe the referenced page supports the majority's finding. The referenced page of Mr. Hance's Rule 60(b) motion states: "On the same date that the proposed final order of forfeiture was received by the undersigned, the final order of forfeiture as approved by the court was also received." The "undersigned" to the motion was Mr. Dinneen, not Mr. Hance.

Moreover, "notice reasonably calculated" "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" requires that the "means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." Mullane, 339 U.S. at 315. The government concedes the final order of forfeiture was served on Mr. Dinneen as

counsel for Mr. Puig, and does not claim the order was served on Mr. Dinneen as counsel for Mr. Hance. Additionally, it is clear the government possessed Mr. Hance's contact information and knew Mr. Hance claimed an interest in the motorcycle at this time. Under these circumstances, one desirous of actually informing Mr. Hance of the forfeiture order would send notice to Mr. Hance, not Mr. Puig's attorney.

Third, the majority finds: "Even Hance admits that he knew that the government had no intention of returning the property upon receipt of the May 13, 2003, letter, wherein the government severed its discussions with him and informed him of his right to file a petition for an ancillary proceeding." Again, I do not agree that the referenced statement in Mr. Hance's Rule 60(b) motion, which was drafted by Mr. Dinneen, amounts to an admission of actual receipt of notice by Mr. Hance. The referenced passage states: "In May of 2003 the government . . . advised Mr. Hance of his right to file a third party ancillary proceeding." The May 13 letter was not sent to Mr. Hance, but Mr. Dinneen, and there is no evidence Mr. Dinneen represented Mr. Hance on May 13.

The record does not reflect on what date Mr. Hance received the May 13 letter. Based on the record, I believe the earliest date we can conclude Mr. Hance received the May 13 letter is June 3, 2003, which is 34 days before Mr. Hance filed a third party petition for an ancillary hearing. In a letter written by Mr. Dinneen on June 3, Mr. Dinneen informed the government that he had forwarded a copy of the government's May 13 letter to Mr. Hance and engaged in discussions with Mr. Hance. Additionally, Mr. Dinneen asserted that Mr. Hance did not assign his interest to Mr. Puig, but that Mr. Puig signed his name on the forms without Mr. Hance's knowledge or permission. Mr. Dinneen further stated that while he would "prefer to reach a cooperative agreement as to the return of the motorcycle," he had "been directed by Mr. Hance to file the petition, if necessary."

Federal Rule 60(b) provides motions made under the rule should be made within a "reasonable time" and "not more than one year after the judgment, order, or proceeding was entered or taken." Fed. R. Civ. P. R. 60(b). "[W]hat constitutes 'reasonable time' under Rule 60(b)(6) depends on particular facts of case." United States v. Five Thousand Dollars in U.S. Currency, 184 F.3d 958, 960 (8th Cir. 1999) (citing Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)).

The majority adopts the Seventh Circuit's approach in United States v. Estevez, 845 F.2d 1409, 1412 (7th Cir. 1988), in which the court determined that for purposes of determining "reasonable time" under Rule 60(b) the date of actual receipt of notice triggered the 30 day requirement. The majority thus concludes Mr. Hance's filing of a petition on July 7 was untimely because the petition was filed more than 30 days after Mr. Hance received the government's May 13 letter. In Estevez, prior to the entry of a final order of forfeiture, the government mailed to both the third-party claimant and the claimant's counsel a copy of the notice which had been published earlier that year. The published notice instructed interested parties on the appropriate procedures for asserting an interest in the forfeited property and also informed claimants of the 30 day deadline under § 851(n). The third party claimant received the notice on June 24, and on July 13 filed a petition under Rule 60(b) to vacate the judgment the district court had signed on July 7. The Seventh Circuit determined that since June 24 was the first time the claimant was adequately placed on notice, that should be the date to trigger the 30 day requirement.

In the instant case, the government never provided Mr. Hance with adequate notice. For notice to afford interested parties an "opportunity to present their objections," the notice provided "must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 314 (citations omitted). The government's May 13 letter did not afford a reasonable time for Mr. Hance to make an appearance to present his objection, but informed him it was too late. The letter

stated: "To the extent that Mr. Hance wants to assert his interest in this motorcycle, he would need to file a petition for an ancillary hearing pursuant to Rule 32.2 and 21 U.S.C. § 853(n). . . . Since the Final Order Of Forfeiture has already been entered, we believe that Mr. Hance would have to obtain permission from the Court to make a claim. . . ." The May 13 letter did not include information pertaining to a deadline for filing a petition. Moreover, the government's "notice" directed Mr. Hance to the wrong procedures. Under these circumstances, I believe Mr. Hance's July 7 petition was filed within a reasonable time.

III

Because I do not believe the record shows the government provided Mr. Hance with the notice due, I would reverse and remand for an evidentiary hearing on Mr. Hance's petition.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS. CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans